UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-67-GSL-JEM |
| JASON SMILEY, et al., | |
| Defendants. | |

OPINION AND ORDER

Alex L. Hale, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hale alleges that he was raped by another inmate. He filed a complaint pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA"), with Sgt. Vasquez on April 14, 2024. Sgt. Vasquez told Hale he would be moved. The next day, Hale was interviewed by two individuals with Internal Investigations: Rekitzke and Burkett. They too said Hale would be moved.

When he was not moved, he filed another PREA complaint with Lt. Due. He still was not moved so he filed a grievance. Grievance Specialist Shannon Smith did not review his grievance within the time permitted by the prison's rules[1] or take any action to ensure he was moved.

Warden Smiley's office was notified that Hale needed help on May 8, 2024. Hale also wrote to Ms. Williams in Classifications and indicated he had not been moved; she said it was up to the command staff to determine if Hale would be moved. He told UTM Tracy Cornett, Major Cornett, and Cpt. Rippe that he needed to be moved and they too refused to move him.

Next, Hale wrote to the IDOC's PREA director in Indianapolis. While he was awaiting a response, the inmate that raped him was notified that Hale filed a PREA complaint against him. Hale remained on the same range as this inmate until early July, when the IDOC's PREA director indicated that his assignment had been reviewed and changed. ECF 1-1 at 8. Hale is suing each person he communicated with about being moved following his PREA report. Hale alleges that the defendants failed to protect him following the rape.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

---

[1] To the extent he is asserting a claim based on Smith's failure to follow prison rules, he cannot proceed. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, department regulations and police practices.").

While Hale was understandably concerned about his safety following the rape, he does not allege that he was attacked by any inmates after he filed his PREA report. Mere fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)). Therefore, Hale cannot proceed on a failure to protect claim.

Hale also alleges that the staff is "torturing [him] mentally" *Id.* at 4. They "do stuff to [his] food." *Id.* Additionally, they denied him access to commissary goods even though he had not been sanctioned with a commissary restriction. These allegations are far too vague to state a claim.

When Hale filed this complaint, he asked for injunctive relief in the form of a transfer. He has now filed a motion for preliminary injunction seeking the same relief. ECF 11. He additionally seeks an order from the court directing the prison to restore his access to phone and tablet privileges.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the absence of a complaint that states a claim, a plaintiff cannot demonstrate a reasonable likelihood of success on the merits. Furthermore, "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion.

This complaint does not state a claim for which relief can be granted. If Hale believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES Alex L. Hale's Motion for Preliminary Injunction (ECF 11);

(2) GRANTS Alex L. Hale until **April 15, 2025**, to file an amended complaint; and

(3) **CAUTIONS** Alex L. Hale that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 12, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT