UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALEX L. HALE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-67-GSL-JEM |
| SHANNON SMITH, et al., | |
| Defendants. | |

OPINION AND ORDER

Alex L. Hale, a prisoner without a lawyer, filed an amended complaint seeking monetary damages against three defendants. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hale's amended complaint alleges essentially the same facts as his earlier complaint, although he has now named only three defendants: Rekitzke, Burkett, and Grievance Specialist Smith. He alleges that he was raped by an inmate and, on April 14, 2024, he filed a complaint pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA"). The next day, he was interviewed by internal investigators Rekitzke and Burkett. They said Hale would be moved, but he was not moved. The

alleged perpetrator was interviewed and told that Hale filed a PREA complaint against him. Hale alleges that Rekitzke and Burkett investigated improperly and did not follow proper prison policies and procedures. He asserts that their actions placed him at substantial risk of harm and violated his constitutional rights.

On April 18, 2024, Hale filed a grievance about the handling of his PREA complaint and the decision to continue to house him near the alleged perpetrator. Hale asserts that this grievance was improperly processed by Grievance Counselor Smith in that it was not properly labeled as a PREA grievance, which would have been responded to within a shorter timeframe than other grievances. He also faults Smith for not ensuring he was moved away from the alleged perpetrator. He asserts that Grievance Specialist Smith's mishandling of his grievance also placed him at substantial risk of harm and violated his constitutional rights.

PREA provides for national standards for policies to reduce sexual violence in prison. It does not appear that Hale is attempting to bring a claim under PREA. However, to the extent that may have been Hale's intention, he cannot succeed. PREA does not provide a private right of action. *See Sims v. Doe*, No. 1:18-cv-2394-TWP-MPB, 2018 WL 4027632 at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases).

Likewise, Hale does not have a constitutional right to bring charges against another individual or even to force an investigation of an alleged crime. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998)

2

("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction"). Thus, Hale's allegations regarding the investigation being insufficient do not state a claim.

Similarly, he cannot state a claim against the defendants for failing to follow prison rules, policies, or procedures. This was already explained to Hale in the court's earlier screening order:

> To the extent he is asserting a claim based on Smith's failure to follow prison rules, he cannot proceed. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, department regulations and police practices.").

ECF 12 at 2 n.1.

Hale also has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

That leaves Hale's allegations that the defendants placed him in a substantial risk of harm, but this too has already been addressed by the court. The earlier screening order noted the following:

> When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). While Hale was understandably concerned about his safety following the rape, he does not allege that he was attacked by any inmates after he filed his PREA report. Mere fear of an attack that does not occur does not state a claim for monetary damages. See *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments

> Clause." (internal quotation marks and citation omitted)). Therefore, Hale cannot proceed on a failure to protect claim.

ECF 12 at 2-3. Hale was rightfully concerned about his safety, but his amended complaint, like his earlier complaint, does not allege that he was attacked after filing the PREA report. Therefore, he cannot proceed on a failure to protect claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

Hale has filed a Motion for Relief with the court. ECF 21. The motion seeks relief that falls outside the scope of his amended complaint. Therefore, it must be denied.

For these reasons, the court:

(1) DENIES Hale's Motion for Response (ECF 21); and

(2) DISMISSES this case under 28 U.S.C. § 1915A.

SO ORDERED on April 25, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

4